**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 01-60852**

---

**PRIMERICA LIFE INSURANCE CO.; ET AL,**

Plaintiffs,

**PRIMERICA LIFE INSURANCE CO.;**
**PRIMERICA FINANCIAL SERVICES, INC.;**
**CITIGROUP, INC.; SANFORD L. WEILL; and**
**CITIFINANCIAL, INC.,**

Plaintiffs-Appellants,

**v.**

**CATHERINE E. BROWN,**
**individually and in her**
**representative capacity**
**for John E. Brown;**
**JOHN E. BROWN,**

Defendants-Appellees.

---

**Appeals from the United States District Court**
**for the Northern District of Mississippi**

---

August 28, 2002

Before JONES, WIENER and DENNIS, Circuit Judges.

Edith H. Jones, Circuit Judge:

John Brown sued CitiFinancial, Inc., and its affiliates ("Appellants"), in state court alleging breach of contract and related claims. Brown's contract with CitiFinancial contains an arbitration clause requiring arbitration of his claims.

CitiFinancial filed a petition to compel arbitration of Brown's claims in federal district court, pursuant to § 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. The district court determined that Brown lacked the mental capacity to execute a contract under Mississippi law, and that Brown's entire contract with CitiFinancial was void. On this basis, the district court refused to compel arbitration of Brown's claims.

CitiFinancial now appeals and contends that the district court erred by reaching the merits of Brown's capacity defense. Appellants contend that Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801 (1967), requires arbitration of Brown's capacity defense. We agree, and reverse the judgment of the district court.

## DISCUSSION

This court reviews *de novo* the grant or denial of a petition to compel arbitration pursuant to § 4 of the FAA. Webb v. Investacorp, 89 F.3d 252, 257 (5th Cir. 1996). The FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration. Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S.Ct. 852 (1984).

"Courts perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. First, the court must determine whether the parties agreed to arbitrate the

2

dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable." R.M. Perez & Assoc., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir. 1992) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 105 S.Ct. 3346 (1983)). When conducting this two-pronged analysis, courts must not consider the merits of the underlying action. Snap-On Tools Corp. v. Mason, 18 F.3d 1261, 1267 (5th Cir. 1994). "Under § 4 of the FAA, the federal district court ascertains only whether the arbitration clause covers the allegations at issue. 'If the dispute is within the scope of the arbitration clause, the court may not delve further into the merits of the dispute.'" Id. (quoting Municipal Energy Agency of Miss. v. Big Rivers Elec. Corp., 804 F.2d 338, 342 (5th Cir. 1986)).

Brown's contract with CitiFinancial contains an express arbitration agreement. Brown's state court claims fall within the scope of the arbitration agreement. There are no external impediments to the arbitrability of Brown's claims.[1] Therefore, a straightforward application of the required two-pronged inquiry supports CitiFinancial's petition to compel arbitration.

---

[1] Brown also argues that arbitration costs render the arbitration clause "substantively unconscionable." The Supreme Court, in Green Tree Financial Corp. v. Randolf, 531 U.S. 79, 91-92, 121 S.Ct. 513 (2000), explained that "a party seeking to avoid arbitration on the ground that arbitration would be prohibitively expensive" bears the burden of showing the likelihood of incurring prohibitive costs. Brown has failed to carry this burden. Brown also suggests that the arbitration agreement is "procedurally unconscionable" on other grounds. This argument is without merit.

3

The district court nevertheless refused to compel arbitration by delving into the merits of the underlying dispute. Specifically, the district court determined that Brown lacked the capacity to contract under Mississippi law. As explained above, the district court's inquiry when reviewing a petition to compel arbitration is limited. "[T]he merits of the underlying dispute are for the arbitrator to consider, not for this Court or the district court." Snap-On Tools Corp., 18 F.3d at 1267. Brown's capacity defense is part of the underlying dispute between the parties, and the defense must be submitted to the arbitrator.

In Prima Paint, the Court held that, under § 4 of the FAA, the "making" of an agreement to arbitrate was not called into question by an allegation that the entire contract was void as fraudulently induced. 388 U.S. at 403-04, 87 S.Ct. 1801. "[The FAA] does not permit the federal court to consider claims of fraud in the inducement of the contract generally . . . A federal court may consider only issues relating to the making and performance of the agreement to arbitrate." Id. Accordingly, unless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute.

This court has applied the Prima Paint rule on numerous occasions. See Snap-On Tools Corp., 18 F.3d at 1267-68 (submitting fraudulent inducement defense to arbitration because allegations of fraud did not specifically relate to the arbitration clause); R.M.

4

Perez & Assoc., Inc., 960 F.2d at 538-39 (submitting allegations of fraud in obtaining signatures to contract to arbitration because defense was not specific to the arbitration agreement); Lawrence v. Comprehensive Business Serv. Co., 833 F.2d 1159, 1162 (5th Cir. 1987) (submitting illegality defense to arbitration because it did not specifically relate to arbitration clause); Mesa Operating Ltd. Partnership v. Louisiana Intrastate Gas Corp., 797 F.2d 238, 244 (5th Cir. 1986) (submitting claim that contract was void *ab initio* to arbitration because parties failed to demonstrate that the arbitration agreement was "invalid separately from the entire contract").

As in each of these cases, Brown's capacity defense is a defense to his entire agreement with CitiFinancial and not a specific challenge to the arbitration clause. Therefore, Brown's capacity defense is part of the underlying dispute between the parties which, in light of Prima Paint and its progeny, must be submitted to the arbitrator.[2] We need not reach the other issues raised by the parties.

---

[2] The district court determined that the Prima Paint rule applied to defenses which render a contract voidable, but did not apply to defenses which render a contract void. This distinction is inconsistent with Mesa Operating, which applied the Prima Paint rule to a defense which, if proven, would have rendered the contract containing the arbitration clause "void as never having been entered into." 797 F.2d at 244; see also Lawrence, 833 F.2d at 1162 (following Mesa Operating and submitting illegality defense to arbitrator).

5

## CONCLUSION

For the reasons stated above, we **REVERSE** the judgment of the district court and **REMAND** for proceedings consistent with this opinion.

DENNIS, Circuit Judge, concurring.

I concur in the judgment of the majority opinion. I write separately to note the district court's finding, which the parties apparently do not dispute, that Mr. Brown "has been profoundly retarded since birth." The district court also found that the loan agency "required him to sign the loan agreement containing the arbitration clause by printing his name on a piece of paper and having him copy it on the appropriate line." Under Mississippi law, contracts entered into by incompetent persons are voidable. *See Williams v. Wilson*, 335 So.2d 110, 112 (Miss. 1976) (stating that a contract made by an incompetent "may be avoided on the ground of insanity"). Similarly, when a party contracting with an incompetent has knowledge of the incompetent's condition, the contract "*will* be rescinded." *Id.* at 112-13 (emphasis added).

Against this backdrop, I note the grounds on which this Court will vacate a decision of an arbitrator: (1) the award is contrary to public policy, (2) the award is arbitrary and capricious, (3) the award fails to draw its essence from the underlying contract, and (4) the award is in manifest disregard of the law. *See Williams v. Cigna Fin. Advisors Inc.*, 197 F.3d 752, 758, 761-62 (5th Cir. 1999). Hence, if the facts are as they appear to be on the record before us, I can conceive of no way in which the contract underlying this action

7

could be enforced against the profoundly retarded and incompetent Mr. Brown.

Finally, with regard to the broad statement that "unless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute" and the related footnote two, I note that this circuit has not considered the authority of other circuits applying the *Prima Paint* rule to the distinction between voidable contracts and those contracts deemed not to have existed. We have decided that the question of whether a contract as a whole was illegal must be submitted to arbitration. *See Lawrence v. Comprehensive Bus. Servs. Co.*, 833 F.2d 1159 (5th Cir. 1987); *Mesa Operating Ltd. P'ship v. Louisiana Intrastate Gas Corp.*, 797 F.2d 238 (5th Cir. 1986). But we have not yet thoroughly analyzed or squarely decided whether challenges going to the very existence of a contract must be submitted to arbitration. Other circuits have split on this question. *See, e.g., Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.*, 925 F.2d 1136 (9th Cir. 1991) (no); *I.S. Joseph Co. v. Michigan Sugar Co.*, 803 F.2d 396 (8th Cir. 1986) (no); *Cancanon v. Smith Barney, Harris, Upham & Co.*, 805 F.2d 998 (11th Cir. 1986) (no); *Unionmutual Stock Life Ins. Co. v. Beneficial Life Ins. Co.*, 774 F.2d 524 (1st Cir. 1985) (yes); *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co.*, 636 F.2d 51 (3d Cir. 1980) (no). Because it is not necessary for us to reach that question here, the

majority opinion's statements thereon are dicta, in which I do not join.