United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2003

Charles R. Fulbruge III
Clerk

In the

# United States Court of Appeals
## for the Fifth Circuit

––––––––––

m 02-60417
Summary Calendar

––––––––––

HOUSEHOLD BANK,

Plaintiff-Appellee,

H&R BLOCK, INC.; H&R BLOCK EASTERN TAX SERVICES, INC.;
H&R BLOCK TAX SERVICES, INC.; BLOCK FINANCIAL CORPORATION,

Intervenor Plaintiffs-
Appellees,

VERSUS

PATRICIA ALLEN; ET AL.,

Defendants,

LINA C. BLACK; MILDRED BROOKS; ANNIE R. BELL;
WALLACE BROOKS; EVELYN BELL; ET AL.,

Defendants-
Intervenor Defendants-
Appellants.

––––––––––

Appeals from the United States District Court
for the Southern District of Mississippi
m 4:00-CV-142-LN

––––––––––

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Certain defendants appeal an order to compel arbitration of their claims against Household Bank ("Household") and several H&R Block affiliates ("Block"). Reviewing the order *de novo*, *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002), and finding no error, we affirm.

Defendants opted out of a settlement class alleging various state and federal claims against Household (or its predecessor) and Block in connection with tax refund anticipation loans. Household then filed this petition, in which Block joined as intervenor, for a declaratory judgment and order to enforce an arbitration clause in the loan agreements between Household and defendants.[1] The court entered an order to compel arbitration, 9 U.S.C. § 4, rejecting defendants' claims of unconscionability.

Defendants concede that the arbitration clauses cover their claims, but contend that the clauses are void because of procedural uncon-

scionability.[2] 9 U.S.C. § 2 (preserving common law grounds for "revocation of any contract"). "Procedural unconscionability may be proved by showing a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 725 (Miss. 2002) (quotation marks omitted).

Yet, defendants offer mere assertions, not evidence, to satisfy this standard. They assert that the arbitration clause is an adhesion contract. "Adhesion contracts are not automatically void. Instead, the party seeking to avoid the contract generally must show it is unconscionable." *Dillard*, 961 F.2d at 1154. They also assert that Block did not explain the clause to them, but this unremarkable fact cannot support a claim of procedural unconscionability. *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1077 (5th Cir. 2002).

The arbitration clause is written in plain English and has a conspicuous capitalized heading and an entire capitalized paragraph acknowledging but waiving defendants' right to a trial. Moreover, just above the signature line on the loan agreements is a boldface statement acknowledging that defendants specifically had read the arbitration clause. In short, far from being unconscionable, the clause is a model of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The arbitration clause states, in relevant part, that "any claim or dispute (whether in contract, tort or otherwise) in any way relating to the Agreements or relating to the relationships of such parties . . . shall be resolved upon the election of either party, by binding arbitration."

[2] Because defendants challenge only the arbitration clause, not the entire loan agreement, the district court properly adjudicated their challenge. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith*, 961 F.2d 1148, 1154 n.9 (5th Cir. 1992).

fair draftsmanship, better even than clauses we have upheld against unconscionability charges in the past. *See, e.g.*, *id.* at 1071 n.2.

AFFIRMED.[3]

---

[3] Defendants also contend that the arbitration clause is void because it lacks mutuality and unlawfully limits punitive damages. We decline to address these arguments, because defendants did not raise them in the district court. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).