**HORIZON HEALTH CORP., Plaintiff,**

v.

**TYLER–HOLMES MEMORIAL HOSPITAL; Board of Trustees of Tyler–Holmes Memorial Hospital; and Board of Supervisors of Montgomery County, Mississippi, Defendants.**

No. 3:02CV093–D–D.

United States District Court,
N.D. Mississippi,
Western Division.

Aug. 18, 2003.

John B. Clark, Daniel, Coker, Horton & Bell, Jackson, MS, for plaintiff.

Eugene R. Naylor, Wise, Carter, Child & Caraway, Jackson, MS, Alan D. Lancaster, Liston/Lancaster, Winona, MS, for defendants.

## OPINION GRANTING MOTION TO COMPEL ARBITRATION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's motion to compel arbitration. Upon due consideration, the court finds that the motion should be granted.

### A. Factual Background

Plaintiff Horizon Health Corporation ("Horizon") is a corporation organized under the laws of the State of Texas with its principal place of business in Texas. Horizon has asserted claims against Tyler–Holmes Memorial Hospital ("Tyler–Holmes"), the Board of Trustees of Tyler–Holmes ("Trustees"), and the Board of Supervisors of Montgomery County, Mississippi ("Supervisors"), arising out of a breach of a management contract pertaining to a geropsychiatric treatment program at Tyler–Holmes hospital. Tyler–Holmes is a community hospital organized under the laws of the State of Mississippi, with its principal place of business in Winona, Mississippi.

On or about March 1, 2000, Tyler–Holmes and Perspectives Health Management Corporation ("Perspectives"), entered into an agreement for Perspectives to provide management-consultation services to Tyler–Holmes at Winona, Mississippi. Subsequently, on or about June 4, 2001, Tyler–Holmes and Perspectives executed an amended agreement ("Amended Management Agreement"), in which Perspectives agreed to reduce the monthly management fee. This was done, at least partially, to assist Tyler–Holmes with fi-

nancial difficulties. The Amended Management Agreement contains a mandatory arbitration clause, requiring that all disputes and claims relating to the Agreement shall be settled by arbitration. On or about October 5, 2001, Horizon purchased most, if not all, of the assets from Perspectives, including certain accounts receivable. Horizon thus became the successor to the rights of Perspectives as Manager under the Amended Management Agreement. According to Tyler–Holmes, the geropsychiatric program experienced decreases in patient numbers, and the services provided through the Amended Management Agreement became unnecessary. Tyler–Holmes inquired about new terms for a new, and presumably more favorable, agreement. Apparently, Horizon was not interested in the proposed terms. Thereafter, Tyler–Holmes terminated the Agreement.

Horizon filed this suit on or about June 12, 2002, to collect approximately $778,000 which, according to Horizon, Tyler–Holmes owes in arrears and lost profits. The complaint asserts a cause of action for, *inter alia,* breach of contract. Thereafter, Horizon filed this motion to compel arbitration and to stay this case pending arbitration.

### B. Discussion

#### 1. The Agreement's Arbitration Provision

██ Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Three of the FAA specifically contemplates that parties, such as the Plaintiff, that are aggrieved by another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C. § 3 (1999). In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir.1998).

██ The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir.2002); *R.M. Perez & Assoc., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992) (citing *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)). "First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable." *Primerica Life Ins. Co.,* 304 F.3d at 471 (citations omitted). "When conducting this two-pronged analysis, courts must not consider the merits of the underlying action." *Id.* (citing *Snap–On Tools Corp. v. Mason,* 18 F.3d 1261, 1267 (5th Cir.1994)). "Under ... the FAA, the federal district court ascertains only whether the arbitration clause covers the allegations at issue. If the dispute is within the scope of the arbitration clause, the court may not delve further into the merits of the dispute." *Id.* (citations and internal quotes omitted).

### C. Discussion

The parties do not dispute that the Agreement at issue contains the following mandatory arbitration provision:

## X.

### ARBITRATION, ATTORNEYS' FEES

All disputes and claims relating to any provision hereof or relating to or arising out of the parties' relationship or the creation or termination thereof (including, without limitation, any claim that any provision of this Agreement, or any specification, standard or procedure or any other obligation of Hospital or Manager or both is illegal or otherwise unenforceable or voidable under any law, ordinance, or ruling) shall be settled by arbitration at the Office of the American Arbitration Association in Mississippi which is nearest to the Hospital, in accordance with the United States Arbitration Act (9 U.S.C. Section 1 et seq.) And the Rules of American Arbitration Association. All awards of the arbitration shall be binding and non-appealable except as otherwise provided in the United States Arbitration Act.... The parties hereby agree the rendering of an award by the arbitrator or arbitrators shall be a condition precedent to the initiation of any legal proceeding with respect to any dispute arising in connection with this Agreement.

Tyler–Holmes does not argue, and the court does not find any federal statute or policy that renders the claims nonarbitrable. As such, the court must determine whether the parties agreed to arbitrate the dispute. The arbitration clause is broad, and clearly the dispute in question falls within the scope of the arbitration agreement.

Tyler–Holmes argues that the Amended Management Agreement is invalid and/or voidable under Mississippi law, and as such, the arbitration agreement is not enforceable. Tyler–Holmes advances three reasons to support such a position. First, Tyler–Holmes argues that the arbitration agreement cannot be enforced because a material term of the Amended Manage-

ment Agreement violates Miss.Code § 41–13–35(5)(k) of the Mississippi Community Hospital Act ("MCHA"). Tyler–Holmes asserts that the MCHA requires that certain "financing arrangement[s]," such as are supposedly in the Amended Management Agreement, be approved by the owner of the hospital by virtue of a resolution. As such, Tyler–Holmes argues that because the entire agreement is invalid, the arbitration clause cannot be enforced. Second, Tyler–Holmes asserts that the MCHA and opinions of the Mississippi Attorney General hold that public bodies such as Tyler–Holmes may not be required to submit to arbitration. Third, Tyler–Holmes asserts that the MCHA does not permit a public entity to make a contract that extends beyond the term of a majority of the board's members. Tyler–Holmes asserts that the Amended Management Agreement extends beyond the term of the majority of the Tyler–Holmes' Trustees.

 As to the first and third reasons submitted by Tyler–Holmes, the court is of the opinion that these arguments are getting into the merits of the underlying dispute. Whether the Amended Management Agreement can be enforced because a material term of the Agreement violates certain "financing arrangement[s]" in Miss. Code § 41–13–35(5)(k) should be decided by the arbitrator. Similarly, Tyler–Holmes' assertion that the MCHA does not permit a public entity to make a contract that extends beyond the term of a majority of the board's members might ultimately excuse Tyler–Holmes from compliance with the contract. However, that also involves getting to the merits and should be decided by an arbitrator. Both of these arguments go the Amended Management Agreement as a whole, and are not directed at the arbitration provision. The Fifth Circuit has stated "unless a defense relates specifically to the arbitra-

tion agreement, it must be submitted to the arbitrator as part of the underlying dispute." *Primerica Life Ins. Co.*, 304 F.3d at 472. Where a defense relates to a contract as a whole, and not specifically to an arbitration clause, then there is no distinction between defenses which render a contract voidable and defenses which render a contract void; both should be submitted to the arbitrator. *Id.* at n. 2 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)).

▆▆▆ Tyler–Holmes' second assertion is that the MCHA and opinions of the Mississippi Attorney General hold that public bodies such as Tyler–Holmes may not be required to submit to arbitration. "Even if [Tyler–Holmes is correct], the strong federal policy favoring arbitration preempts state laws that act to limit the availability of arbitration." *Saturn Distribution Corp. v. Paramount Saturn, Ltd.*, 326 F.3d 684, 687 (5th Cir.2003)(citing *Southland Corp.*, 465 U.S. at 16, 104 S.Ct. 852). Furthermore, "[t]he Arbitration Act, resting on Congress's authority under the Commerce Clause, creates a body of *federal* substantive law that is applicable in both federal and state courts." *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So.2d 96, 107 (Miss.1998)(citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983))(emphasis added). As such, Tyler–Holmes' arguments about state law limiting the FAA are not well taken.

▆▆ Finally, the court notes that Tyler–Holmes does not contest that the Trustees and Supervisors can be compelled to arbitrate as well under traditional agency principles. Horizon notes that Supervisors grant Trustees broad powers to govern community hospitals. Trustees in turn are authorized to employ administrators, such as Greg Mullen, the hospital administrator

who signed the agreements in the case *sub judice*. Because arbitration is a creature of contract law, when asked to enforce an arbitration agreement against a non-signatory, courts should ask "whether ... she is bound by that agreement under traditional principles of contract and agency law." *Mississippi Fleet Card, LLC v. Bilstat, Inc.*, 175 F.Supp.2d 894, 901 (S.D.Miss. 2001) (citation omitted). *See also Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1076 (5th Cir.2002)(quoting *Thomson–CSF, S.A. v. American Arbitration Ass'n*, 64 F.3d 773, 776 (2d. Cir.1995))(Stating there are several "theories under 'common law principles of contract and agency law' that provide a basis 'for binding non-signatories to arbitration agreements.'"). As such, the court finds that Horizon's arguments are well taken, and Plaintiff's motion to compel arbitration shall be granted against all Defendants.

### D. Conclusion

For the above stated reasons, the Plaintiff's motion to compel arbitration is granted. The court is of the opinion that the parties agreed to arbitrate the dispute. The court is also of the opinion that no federal statute or policy renders the claims nonarbitrable. Finally, the court finds that this cause should be dismissed without prejudice. The Fifth Circuit has held that Section Three of the FAA (which provides that the court "shall ... stay the trial of the action") was not intended to limit dismissal of a case in the proper circumstances and that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992) (holding that retaining jurisdiction and staying "serve[s] no purpose" when all issues are arbitrable). As was the case in *Alford*, all of the claims in this case are arbitrable. As

such, the parties' claims shall be dismissed without prejudice.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING MOTION TO COMPEL ARBITRATION

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motion to compel arbitration (docket entry 14–2) is GRANTED;

(2) the Plaintiff's claims shall be submitted to arbitration, in accordance with the arbitration agreement;

(3) the Plaintiff's motion to stay the case (docket entry 14–1) is DENIED as moot;

(4) as arbitration has been compelled and all issues in this case disposed of, this case is CLOSED. Any of the parties may seek, by motion, to reopen this case in the event further action is required by the court.