United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 05-60056

SOUTHERN ENERGY HOMES, INC.,

Plaintiff-Appellant,

versus

WILLARD MERRITT GODWIN, JR.; RHONDA M. GODWIN, Nathan Godwin, a
minor, by and through his father and next friend Willard Merritt
Godwin, Jr.,

Defendants-Appellees.

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(2:03-CV-286)**

Before KING, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Relying only on equitable estoppel (an issue presented for the first time on appeal), Southern Energy Homes, Inc. contests the denial of its summary-judgment motion to compel arbitration. **AFFIRMED and REMANDED.**

I.

In 1997, the Godwins purchased a mobile home from Rose Mobile Homes, a Southern Energy dealer in Mississippi. Southern Energy

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

manufactured the home in Alabama.  The Godwins live in the home, which was installed in Mississippi.

Post-purchase, the Godwins discovered in the home a "Home Owner's Manual", which informed customers of an express limited warranty.  The manual did *not* contain a signature line or require a signature, nor did it contain a separate signature card to be returned to manufacturer Southern Energy.  The manual's detailed table of contents did not suggest an arbitration provision.

Instead, within the manual's warranty section, several titled paragraphs (again, none includes any form of the word "arbitrate") provide customers with remedies if they encountered problems with their homes.  The final paragraph of this section, titled "IF THE PROBLEM IS STILL NOT RESOLVED", begins:  "If your problems are not satisfactorily remedied through the steps set out above, *you are entitled* to have the dispute settled through binding arbitration *as set out below*".  (Emphasis added.)  That paragraph then states: "In the event of any dispute or claim ... the Manufacturer and the purchaser of this product agree to submit such dispute or claim to binding arbitration, pursuant to the provisions of 9 USC 1, et. seq. and according to the Commercial Rules of Arbitration of the American Arbitration Association then existing".

In 1998 and 1999, warranty work was twice performed on the Godwins' home.  Four additional "Requests for Service" were made in

1999, 2000, and 2001; Southern Energy's records show repair work completed following these requests was *not* covered by the warranty.

In October 2002, the Godwins filed an action against Southern Energy in Mississippi state court. (Neither Rose Mobile Homes nor any other intermediary were included in this action.) The complaint raised several claims, some of which maintained Southern Energy breached its express warranty.

In May 2003, based on diversity jurisdiction, Southern Energy responded to the state-court action by filing this action to compel arbitration. It moved for summary judgment, relying on the affidavit of its director of consumer affairs, which included copies of the two "Warranty Claim Request" forms showing the Godwins made requests, and had work performed, under the warranty on two occasions. (The Godwins' state-court action has been stayed pending this action to compel arbitration.)

In opposition to summary judgment, the Godwins provided the affidavit of Willard Godwin, which stated, *inter alia*: he never "signed a written contract or agreement with Southern Energy"; he never orally agreed to arbitrate any disputes that might arise; prior to purchase, he never saw, read, or was informed of the manual or its provisions; after purchase, he read only portions of the manual; and, when he had repair work performed, he was never informed that having work done under the warranty subjected him to binding arbitration.

3

Southern Energy's summary-judgment motion to compel arbitration was denied in late 2004. The district court held: the Godwins did not agree to arbitration; "proof of affirmative mutual agreement herein is simply lacking"; and the Godwins' ability to provide an affidavit showing they did not consent to arbitration distinguished their case from situations where homeowners had no evidence of such lack of consent. **S. Energy Homes, Inc. v. Godwin**, No. 2:03cv286 (S.D. Miss. 28 Dec. 2004) (unpublished).

## II.

Where appropriate, "[a]rbitration is favored in the law". **Grigson v. Creative Artists Agency, L.L.C.**, 210 F.3d 524, 526 (5th Cir.), *cert. denied*, 531 U.S. 1013 (2000); *see* **Primerica Life Ins. Co. v. Brown**, 304 F.3d 469, 471 (5th Cir. 2002) ("The FAA [Federal Arbitration Act] expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration."). Accordingly, the FAA, 9 U.S.C. § 16(a)(1)(B), permits an appeal from an order denying arbitration. Usually, however, unlike here, that order is in the context of a *defendant's* seeking to compel arbitration for claims against it in that same action. In other words, the arbitration issue is *not* the sole reason for the action. Moreover, at issue here is the denial of summary judgment. Generally, the *denial* of summary judgment is not appealable because the ruling is not a final judgment. Along that

4

line, some might contend that, even though arbitration was denied in this action pursuant to a summary-judgment motion, subsequently it might be ordered following trial on that issue. *See* 16 U.S.C. § 4. Nevertheless, in the light of the plain language of 9 U.S.C. § 16(a)(1)(B), we conclude we have jurisdiction for this interlocutory appeal. (Neither side briefs this issue.)

Consistent with the well-known standard of review for a summary-judgment ruling, the denial of a motion to compel arbitration is reviewed *de novo*. *See* **Safer v. Nelson Fin. Group, Inc.**, 422 F.3d 289, 293 (5th Cir. 2005). In its brief on appeal, as it had claimed in district court, Southern Energy contended only that the Godwins were required to arbitrate under a valid arbitration agreement. It conceded at oral argument, however, that its only basis for relief is equitable estoppel.

The doctrine of equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes as well". **Wash. Mut. Fin. Group, L.L.C. v. Bailey**, 364 F.3d 260, 267 (5th Cir. 2004). In agreement with several other circuits, our court has held equitable estoppel may be used to compel non-signatories to arbitrate. *See* **id.** at 267 ("[A] nonsignatory party may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency". (quoting **Thomson-CSF, S.A. v. Am. Arbitration Ass'n**, 64 F.3d 773, 776 (2d Cir. 1995) (internal

5

quotation marks omitted))).  Equitable estoppel permits a non-signatory to be bound to a contract from which the non-signatory has benefitted; it prevents parties to a contract from "'having it both ways'".  *Id.* at 268 (quoting *Grigson*, 210 F.3d at 528).

In *Bailey*, for example, a signatory's wife contended she should not be compelled to arbitrate claims arising from her husband's loans and insurance, because, although her husband signed the arbitration agreement, she did not.  The district court agreed.  Our court reversed because, although the wife was a non-signatory, she was attempting to enforce an agreement signed by her husband.  She was trying to "hav[e] it both ways" by "suing based upon one part of a transaction that she says grants her rights while simultaneously attempting to avoid other parts of the same transaction that she views as a burden — namely, the arbitration agreement".  *Id.*

We have not found any decisions, however, where our court extended this concept to a situation in which, as here, there was *no* signatory.  In any event, we decline to reach this issue. Based on our review of the record, it appears Southern Energy failed to adequately raise this stand-alone equitable estoppel claim in district court.   No authority need be cited for the well-established rule that summary-judgment issues not raised in district court will *not* be considered on appeal.  In addition, this new claim is barely mentioned in Southern Energy's brief here.  *See*

6

*Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("As a general rule, this Court does not review issues raised for the first time on appeal."). For all intents and purposes, Southern Energy presented this issue for the first time at oral argument. *See Comsat Corp. v. FCC*, 250 F.3d 931, 936 n.5 (5th Cir. 2001) ("Arguments presented for the first time at oral argument are waived.").

## III.

For the foregoing reasons, the denial of summary judgment is **AFFIRMED** and this matter is **REMANDED** to district court for such further proceedings as may be appropriate.

*AFFIRMED and REMANDED*