IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 8, 2006 Session

## MELISSA A. RHYMER, Legal Custodian of ROBERT A. TRIVETT and wife, MARIA TRIVETT, v. 21st MORTGAGE CORPORATION and SOUTHERN SHOWCASE HOUSING, INC., d/b/a HOMES AMERICA

Direct Appeal from the Chancery Court for Hawkins County
No. 15725    Hon. Thomas R. Frierson, II., Chancellor

No. E2006-00742-COA-R3-CV  - FILED DECEMBER 19, 2006

In this case defendants moved to arbitrate the dispute since plaintiff signed a contract to arbitrate. Plaintiff pled incompetence to contract, but the Trial Court held that issue was subject to arbitration. We vacate and remand and instruct the Trial Court to decide the issue of incompetency.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and SHARON G. LEE, J., joined.

Joseph E. May, Mount Carmel, Tennessee, Timothy E. Scott and Frank A. Johnstone, Kingsport, Tennessee, for appellants.

Anthony R. Steele, Knoxville, Tennessee, for appellee, 21st Mortgage Corporation.

Daniel M. Gass, Knoxville, Tennessee, for appellees, Southern Showcase Housing, Inc., d/b/a Homes America.

**OPINION**

In this action, Melissa Rhymer, legal custodian of Robert Trivett and wife, Maria Trivett, brought suit against 21st Mortgage Corporation and Southern Showcase Housing, Inc., d/b/a Homes America, alleging misrepresentation, fraud, negligence, etc., relating to the sale and financing of a manufactured home.

Plaintiffs alleged that Robert Trivett was a disabled veteran whose sole source of income was a disability pension from the US Department of Veterans Affairs, and that a custodian had been appointed over the same due to Trivett's mental incapacity. They alleged that they disclosed Trivett's mental incapacity and the existence of the custodian to the lot manager for defendant Homes, and were advised since the custodian's name did not appear on the deed to the family farm, there was no need for the custodian to become involved. They then entered into an Installment Contract - Security Agreement with 21st for the purchase of a 2002 Champion mobile home.

21st filed a Motion to Dismiss, and attached the Installment Contract signed by Trivett, and its attached Arbitration Agreement. They asserted that the matter was to be resolved in arbitration, and further, that it was unaware of any conservatorship, guardianship, or other legal proceeding wherein Rhymer was empowered to act for Trivett. Homes also filed a Motion to Dismiss and Motion to Enforce Arbitration Agreement, asserting that the purchase contract which Trivett entered into contained a "notice of arbitration provision", and that Trivett had executed the Arbitration Agreement.

Plaintiffs sought summary judgment on the grounds of Trivett's incompetency, and while the Court found there were genuine issues of material fact and denied the Motion, the Court also entered an Order finding that the issues should proceed to arbitration and the case would be stayed, pending arbitration.

The Court certified the Judgment as final pursuant to Tenn. R. Civ. P. 54.

Plaintiffs appealed and raised these issues:

1. Whether the Trial Court erred in failing to give full faith and credit to the VA's determination of incompetency, or in failing to grant partial summary judgment on this issue?

2. Whether the Court erred in failing to conduct an evidentiary hearing on the issue of competency before ordering arbitration?

Plaintiffs insist that the Trial Court should have granted partial summary judgment on the issue of Trivett's incompetency, based upon the finding of incompetency made by the VA. We disagree, and affirm the Trial Judge on this issue. It is clear from 38 U.S.C. §5502, that the VA can appoint a fiduciary for the payment of benefits regardless of whether the beneficiary has a legal disability or not. Plaintiffs did provide evidence, in the form of an Affidavit from the VA counsel, who stated that on March 19, 1999, the VA made a determination that Trivett was incompetent to handle disbursement and management of his funds, pursuant to 38 C.F.R. §3.353, which defines mental incompetency as "one who because of injury or disease lacks the mental capacity to contract or manage his or her own affairs, including disbursement of funds without limitation." She stated that Trivett continued to be rated as such as of the date of his affidavit. Plaintiffs assert that the

finding by the VA that Trivett is equivalent to a finding of incompetency and appointment of a guardian under the Tennessee Uniform Veterans' Guardianship Act.

> The Tennessee Uniform Veterans' Guardianship Act provides:
>
> Whenever, pursuant to any law of the United States or regulation of the veterans administration, it is necessary, prior to payment of benefits, that a guardian be appointed, the appointment may be made in the manner hereinafter provided.

Tenn. Code Ann. §34-5-104.  The Act further provides that:

> Where a petition is filed for the appointment of a guardian for a mentally incompetent ward, a certificate of the administrator, or the administrator's duly authorized representative, that such person has been rated incompetent by the veterans administration on examination in accordance with the laws and regulations governing such veterans administration and that the appointment of a guardian is a condition precedent to the payment of any moneys due such ward by the veterans administration, shall be prima facie evidence of the necessity for such appointment.

Tenn. Code Ann. §34-5-108.

The Tennessee Acts provides a means by which a guardian can be appointed for a mentally incompetent veteran for the payment of benefits, but it is not the only means (as demonstrated by use of the word "may" in Tenn. Code Ann. §34-5-104), and further that a finding of incompetency by the VA is only prima facie evidence of the need for a guardian, if a guardian is petitioned for under the Act. The issue thus becomes whether the appointment in this case was sufficient to mandate a finding by the Trial Court that Trivett was mentally incompetent to contract, and whether the defendants had sufficient notice of same, or possessed information which would have put them on notice of Trivett's status.  The record before us creates an issue of material fact. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993).  Accordingly, we affirm the Trial Court on this issue.

Next, plaintiffs assert that it was error for the Trial Court to order the parties to arbitration without first holding an evidentiary hearing to determine whether Trivett had the mental capacity to enter into the contract in dispute.  This precise issue has not been addressed by the courts of this State, but in this connection, our courts have held that where a party alleges fraudulent inducement in the making of a contract which contains an arbitration provision, any question regarding formation of the contract must be decided by the court, unless the parties specifically agreed to arbitrate those questions.  *See Taylor v. Butler*, 142 S.W.3d 277 (Tenn. 2004); *Frizzell Construction Company, Inc. v. Gatlinburg, L.L.C.*, 9 S.W.3d 79 (Tenn. 1999); *City of Blaine v. John Coleman Hayes & Assoc., Inc.*, 818 S.W.2d 33 (Tenn. Ct. App. 1991).

Our Supreme Court has found that where the arbitration provision states that arbitration shall be pursuant to the Federal Arbitration Act (as opposed to the Tennessee Act), then

a claim of fraudulent inducement is subject to arbitration, because federal case law requires the same. *See Taylor; Buckeye Check Cashing, Inc. v. Cardegna*, 126 S. Ct. 1204 (2006); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 87 S. Ct. 1801 (1967).

In this case, there are two arbitration provisions at issue. The first is the Arbitration Agreement which Trivett signed with 21st, which states that the parties agree to submit "any and all claims or controversies for liability, damages or expenses arising out of or in connection with the home, the contract, or any warranties, representations, or agreements relating thereto (hereinafter referred to as "Claims") by submission of such Claims to binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1. The second Agreement is between Trivett and Homes, and it states "all claims, disputes, and controversies arising out of or relating in any way to the sale, purchase or occupancy of the Home . . . will to the fullest extent permitted by Federal law be resolved by binding arbitration administered by the American Arbitration Association". The Agreement goes on to state that "[a]ny challenges to the validity, legality or enforceability of this Agreement shall be determined by the arbitrator(s) in accordance with the provisions of the Federal Arbitration Act and the rules of the AAA."

Federal cases which have addressed the specific question of whether the court or the arbitrator should resolve issues regarding whether an agreement exists have construed 9 U.S.C. §4[1] of the Federal Arbitration Act as requiring judicial resolution of issues that go to the "making" of an arbitration agreement.

The federal circuits have generally reasoned that there is a difference between challenging a contract on the basis of a party's status (i.e. mental incapacity) and challenging a contract based on behavior/conduct of a party (i.e. fraudulent inducement). In the *Buckeye* opinion authored by Justice Scalia, the Court recognized this distinction, acknowledging that the issue of whether a contract existed at all as being a very different issue and one that the Supreme Court had not addressed, and would not address in the *Buckeye* opinion. 126 S. Ct. At 1208. The Court stated that the issue of the contract's validity was different "from the issue of whether any agreement between the alleged obligor and obligee was ever concluded", such as where the obligor claimed to not have signed the contract, where the signor lacked authority to bind the principal, and where the obligor lacked the mental capacity to assent. *Id.*

The reasoning in *Spahr v. Secco*, 330 F.3d 1266 (10th Cir. 2003), is persuasive, which was cited by Justice Scalia in *Buckeye*. In *Spahr*, the plaintiff complained that he was mentally incompetent to enter into the contract, and thus that the contract and the arbitration clause contained therein were void. *Id.* The Court found that this was an issue which went to the "making" of the contract as referred to in 9 U.S.C. §4, and was proper for resolution by the court, and not the

---

[1] "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement". 9 U.S.C. §4.

arbitrator. *Id*. The Court reasoned that there was a difference between challenging a contract on the basis of the party's status, (i.e., mental incapacity) and challenging a contract based on behavior/conduct of the party, (i.e., fraudulent inducement). *Id.* Most circuits have agreed with *Spahr* in holding that contracts which are void or nonexistent cannot be the basis for arbitration, and that the question of whether the contract exists or is void must be determined by the court. *See Sphere Drake Ins. Ltd. v. All Am. Ins. Co.*, 256 F.3d 587, 590-91 (7th Cir. 2001); *Burden v. Check Into Cash of Ky., LLC*, 267 F.3d 483 (6th Cir. 2001); *Sandvik AB v. Advent Int'l Corp.,* 220 F.3d 99, 107 (3d Cir. 2000); *Three Valleys Mun. Water Dist. v. E.F. Hutton*, 925 F.2d 1136 (9th Cir. 1991); *Chastain v. Robinson-Humphrey Co., Inc.*, 957 F.2d 851, 855 (11th Cir. 1992); *I.S. Joseph Co. v. Mich. Sugar Co.*, 803 F.2d 396, 400 (8th Cir. 1986); *but cf. Primerica Life Ins. Co. v. Brown*, 304 F.3d 469 (5th Cir. 2002), (which holds the issue of incompetency was for the arbitrator). Our holding is in accordance with the language of the Federal Arbitration Act, that it is for the Court to determine whether an agreement to arbitrate has been properly made before enforcing the arbitration agreement. 9 U.S.C. § 4.

Tennessee has long recognized that a contract with an incompetent person is void. *Jackson v. Van Dresser*, 219 S.W.2d 896 (Tenn. 1949). While there is clearly a preference for enforcing arbitration agreements, a contract to arbitrate on this issue should be treated no differently than other contracts under Tennessee case law.

Accordingly, we vacate the Judgment of the Trial Court and remand. The Trial Court will first determine the mental competency of Trivett to enter into the contract at issue, and either declare the contract void if Trivett is found to be incompetent to contract, but order arbitration if the Trial Court finds Trivett was competent to contract.

We remand the case to the Trial Court for further proceedings consistent with this Opinion and assess the cost of the appeal jointly to 21st Mortgage Corporation and Southern Showcase Housing, Inc., d/b/a Homes America.

_____
HERSCHEL PICKENS FRANKS, P.J.