974 So.2d 194 (2008)
MARSH FARMS, Plaintiff-Applicant
v.
David Edward OLVEY, Defendant-Respondent.
No. 42,889-CA.
Court of Appeal of Louisiana, Second Circuit.
January 9, 2008.
*195 Mulhearn & Smith, by LeRoy Smith, Jr., Tallulah, for Applicant.
Hamilton & Hamilton, by Orlando N. Hamilton, Jr., Oak Grove, for Respondent.
Before STEWART, DREW and LOLLEY, JJ.
LOLLEY, J.
This matter originally came to us as an appeal, it was subsequently converted to a writ, and the writ was granted to docket for consideration. Marsh Farms, the *196 plaintiff/applicant herein, maintains that the Sixth Judicial District Court, Parish of Madison, State of Louisiana, erred in granting an Exception of Prematurity filed by the defendant/respondent, David Edward Olvey. For the following reasons, we affirm the judgment of the trial court.

FACTS
On December 27, 2005, Marsh Farms entered into a Farm Lease (the "lease") with David Edward Olvey ("Olvey") to lease approximately 887 acres of farm land in Madison Parish, Louisiana. The term of the lease was one year-from January 1, 2006 until December 31, 2006. Marsh Farms leased the land in order to farm cotton. The parties entered into a supplemental lease on January 25, 2006.
Marsh Farms alleges that in 2006 during the lease term, it had cut about forty acres of cotton, and then decided to "scrap" the remainder of the cotton as they had the year before. Apparently, Marsh Farms did not immediately proceed, but when it returned to "scrap" the cotton as planned, Marsh Farms discovered that Olvey had cut the remaining stalks of cotton prior to the termination of the lease on December 31, 2006. Marsh Farms claimed that it had made its lease payments timely, in a total amount of $106,820.00.
Marsh Farms proceeded against Olvey judicially and filed its petition in the trial court, originally claiming that Olvey had "disturbed their possession," and as a result, Olvey was indebted to Marsh Farms. In response, Olvey filed an exception of prematurity in the trial court, stating that Marsh Farms' petition was premature, because under the terms of the lease, the parties were bound to refer any dispute arising from the agreement to arbitration. Olvey attached a copy of the lease to his exception. Marsh Farms subsequently amended his petition to claim that Olvey "destroyed the cotton located on the . . . property, which cotton crop was owned by Marsh Farms." After a hearing on the matter, the trial court sustained Olvey's exception, entered judgment in his favor, and dismissed Marsh Farms' claims without prejudice. Marsh Farms appealed the judgment. Pursuant to an order of this court dated October 18, 2007, the appeal was converted to a supervisory writ, which writ was docketed for further review and disposition.

DISCUSSION
Marsh Farms raises one assignment of error, arguing that the trial court erred in sustaining Olvey's exception of prematurity. The trial court based the ruling on its conclusion that the issues raised by Marsh Farms were subject to arbitration as agreed to in the lease. For the following reasons, we agree with the trial court's determination that Marsh. Farms' judicial action was premature.
Arbitration is favored in Louisiana. Louisiana Revised Statute 9:4201 provides:
A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform. the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement is to submit, shall be valid, irrevocable, and eforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
Louisiana courts look to federal law in interpreting the act because it is virtually identical to the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16. Snyder v. Belmont Homes, Inc., XXXX-XXXX (La.App. 1st Cir.02/16/05), 899 So.2d 57, writ denied, XXXX-XXXX (La.06/17/05), 904 So.2d 699. *197 There is a strong national policy in favoring arbitration of disputes, and all doubts concerning arbitrability of claims should be resolved in favor of arbitration. See Primerica Life Ins. Co. v. Brown, 304 F.3d 469 (5th Cir.2002), citing, Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).
The failure of a party to arbitrate in accordance with the terms of an agreement may be raised either through a dilatory exception of prematurity demanding dismissal of the suit or by a motion to stay the proceedings pending arbitration. Town of Homer, Inc. v. General Design, Inc., 42,027 (La.App. 2d Cir.05/30/07), 960 So.2d 310; writ denied, XXXX-XXXX (La.11/9/07), 967 So.2d 510. When the issue is raised by the exception pleading prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. Cook v. AAA Worldwide Travel Agency, 360 So.2d 839 (La.1978); Johnson's, Inc. v. GERS, Inc., 34,268 (La. App. 2d Cir.01/24/01), 778 So.2d 740. The threshold inquiry is whether the parties have agreed to arbitrate the dispute in question. Johnson's, Inc., supra. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. Id.
As stated herein, Olvey filed an exception of prematurity (but not a motion to stay the judicial action), seeking the dismissal of Marsh Farms' claims against him. Marsh Farms acknowledges the validity of the lease and the arbitration agreement therein. There was no issue made by Marsh Farms as to whether the lease between the parties was a valid agreement to arbitrate between themthe first prong to consider when addressing an exception of prematurity on an arbitration question. Rather, it is the second prong under consideration in this casewhether the dispute in question falls' within the scope of the arbitration agreement. Marsh Farms disputes whether its claim falls within the scope of the arbitration provision in the lease, specifically arguing that because Olvey's alleged actions sounded in tort, the claim is not subject to arbitration. We disagree.
In the case sub judice, the wording in the lease clearly states that "in the event a dispute arises between [Olvey] and [Marsh Farms] as to whether a given practice is necessary, or over any other provision of this lease . . .," then the parties will settle the dispute through arbitration. Although Marsh Farms amended its claims against Olvey to sound tortious in nature, we do not believe that its claims are necessarily nonarbitrable as a result-primarily because the alleged acts by Olvey are integrally linked to the contractual relationship between the parties and because the cotton crop, which this controversy centers around, is the direct object of the contract between the parties. In order to determine whether Olvey has any potential liability to Marsh Farms for his alleged actions, it is absolutely necessary to look at his actions in light of the lease; therefore, if the lease provisions are considered in reaching a conclusion, it follows that the arbitration provision must also be adhered to. It is not as if Olvey's alleged actions fell completely outside of his contractual relationship with Marsh Farms or that Olvey was some random third party that acted against Marsh Farms. The trial court obviously could not examine this controversy in a vacuum without any consideration of the contract between the parties. Because it is essential to examine the claims against Olvey and decide the controversy between the contracting parties *198 in light of the lease and considering the strong policy in favor of enforcing arbitration, it is axiomatic that Marsh Farms' claims are subject to the arbitration provision of the lease. Thus, the trial court properly determined that a judicial action by Marsh Farms was premature and its claims should be dismissed without, prejudice.[1] The trial court's action was not in error.

CONCLUSION
For the foregoing reasons, the judgment of the trial court sustaining David Edward Olvey's Exception of Prematurity is affirmed. Costs are assessed to Marsh Farms.
AFFIRMED.
NOTES
[1] Although the trial court "order[ed] that arbitration occur" in its oral reasons for judgment, it did not include such an order in its final judgment. Given the legal tenet that appeals are taken from judgments and not reasons for judgment, we note that ultimately, in its judgment on the exception, the trial court did not order the parties to proceed via arbitration and neither will this court. Notably, Marsh Farms did not file a motion to stay the judicial proceeding pending arbitration. Thus, we will not order the parties to actually commence with arbitration, but should Marsh Farms wish to proceed against Olvey with its claims, the proper procedure would be through arbitration, in accordance with the lease provisions.