934 So.2d 356 (2006)
HOLMAN DEALERSHIPS, INC., a Mississippi Corporation, Appellant Cross-Appellee.
v.
Vera Helen DAVIS, Paul Davis and Catherine Davis, Appellees Cross-Appellants.
No. 2005-CA-00101-COA.
Court of Appeals of Mississippi.
July 25, 2006.
*357 Taylor Nicholson Ferrell, Jackson, William W. Busching, attorneys for appellant.
Thomas Quitman Brame, Jr., attorney for appellees.
Before KING, C.J., CHANDLER, and BARNES, JJ.
KING, C.J., for the Court.
¶ 1. Holman Dealerships, Inc., appeals the decision of the Hinds County Circuit Court denying its motion to compel arbitration. On cross-appeal, Vera Davis, Paul Davis, and Catherine Davis appeal the court's dismissal of Paul and Catherine Davis as parties in this action. Finding that the motion to compel arbitration should have been granted, and that Paul and Catherine Davis are third party beneficiaries, who are entitled to pursue their claim in arbitration, we reverse and remand to the lower court.

FACTS
¶ 2. On October 28, 2003, Vera Davis purchased a 2002 Volkswagen vehicle for her son and daughter-in-law, John and Catherine Davis, from Holman Dealerships, Inc. In connection with the sale, Vera and Holman entered into a binding arbitration agreement. That agreement required the arbitration of "all claims, demands, disputes or controversies of every kind or nature . . . arising from, concerning or relating to any of the negotiations involved in the sale, lease, or financing of the vehicle, the terms and provisions of the sale, lease, or financing agreements, the arrangements for financing, . . . [and] the performance or condition of the vehicle...".
¶ 3. On March 25, 2004, Vera, Paul, and Catherine filed a complaint against Holman alleging fraud, fraudulent concealment, breach of good faith and fair dealing, and misrepresentation related to the sale of the vehicle. On May 5, 2004, Holman filed its answer and affirmative defenses to the complaint. Included among the affirmative *358 defenses was a challenge to the standing of Paul and Catherine Davis to bring the action, and a motion to compel mandatory arbitration. On June 28, 2004, the trial court held a hearing on Holman's motion to compel arbitration and challenge to the standing of Paul and Catherine Davis. By order dated August 25, 2004, the court dismissed Paul and Catherine as plaintiffs, and denied Holman's motion to compel arbitration. Aggrieved by the trial court's findings, Holman appeals the denial of its motion to compel arbitration, while Paul and Catherine cross-appeal the court's decision to dismiss them as plaintiffs.

DISCUSSION
¶ 4. The grant or denial of a motion to compel arbitration is reviewed de novo. Tupelo Auto Sales, Ltd. v. Scott, 844 So.2d 1167, 1169(¶ 5) (Miss.2003) (citing East Ford, Inc. v. Taylor, 826 So.2d 709, 713(¶ 9) (Miss.2002)).
¶ 5. There is a liberal federal policy favoring arbitration agreements. Terminix International Inc. v. Rice, 904 So.2d 1051, 1054(¶ 7) (Miss.2004). Therefore, this Court will respect the right of an individual or an entity in agreeing in advance of a dispute to arbitration or other alternative dispute resolution. Id. Doubts as to the availability of arbitration must be resolved in favor of arbitration. IP Timberlands Operating Co., v. Denmiss Corp., 726 So.2d 96, 107(¶ 46) (Miss.1998).
¶ 6. Holman claims that the trial court erred in denying the motion to compel because Davis' claim is a fraudulent inducement defense to the entire agreement with Holman and not a specific challenge to the arbitration clause. In support of its argument, Holman cites the Fifth Circuit holding that a court's inquiry on a motion to compel arbitration is limited. Primerica Life Ins. Co. v. Brown, 304 F.3d 469, 471 (5th Cir.2002). The merits of the underlying dispute are for the arbitrator to decide, not the court. Id.
¶ 7. On the other hand, the Davises argue that false representation claims should be issues for a jury, not arbitration. The Davises cite to East Ford, Inc. v. Taylor, 826 So.2d 709 (Miss.2002), for this contention. In East Ford, James Taylor, the plaintiff, filed a complaint against the East Ford car dealership alleging common law fraud, breach of contract, and breach of express warranty because East Ford sold Taylor a car represented as new when it was in fact used. Id. at 712(¶ 6). As in this case, East Ford's sales contract contained an arbitration clause. Id. However, the arbitration clause in East Ford was found to be invalid based upon procedurally unconscionability, i.e., lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, etc. Id. at 714(¶ 12).
¶ 8. In the case sub judice, the Davises have not attacked the validity of the arbitration agreement. Instead, their attack is upon the fraudulent representations made to induce them to contract with Holman, and the failure to receive that for which they bargained and contracted. These things fall squarely within the scope of the arbitration agreement. The controlling portion of that agreement reads:
Buyer/lessee and dealer agree that all claims, demands, disputes or controversies of every kind or nature between them arising from, concerning or relating to any of the negotiations involved in the sale, lease, or financing of the vehicle, the terms and provisions of the sale, lease, or financing agreements, the arrangements for financing, the purchase of insurance, extended warranties, service contracts or other products purchased as an incident to the sale, lease *359 or financing of the vehicle, the performance or condition of the vehicle, or any other aspects of the vehicle and its sale, lease, or financing shall be settled by binding arbitration....
¶ 9. Because the fraudulent misrepresentation argument goes to the merits of the underlying dispute, the trial court should have ordered the claim to be submitted to arbitration. The court's decision to deny the motion to compel arbitration was in error.
¶ 10. In their cross-appeal, Paul and Catherine argue that they are necessary parties to the contract and should not have been dismissed from the lawsuit. However, this Court's determination that arbitration is mandatory makes it unnecessary to directly address the issue of whether Paul and Catherine are necessary parties and should be allowed to continue as named plaintiffs in this court action. The plain language of the arbitration agreement reads, "This agreement is binding upon, and inures to the benefit of buyer/lessee and dealer and the officers, employees, agents and affiliated entities of each of them ...". As third party beneficiaries, Paul and Catherine are affiliated entities of Vera Davis, and are thus bound by the agreement for mandatory arbitration. Arbitration agreements are enforceable as to non-signatories to a contract when the non-signatory party is a third-party beneficiary. See Smith Barney, Inc. v. Henry, 775 So.2d 722, 727(¶ 19) (Miss. 2001). Accordingly, arbitration is mandatory as it relates to the claims of Vera, Paul, and Catherine against Holman. Additionally, because these claims are subject to binding mandatory arbitration, the trial court lacked the authority to address the claims or the claimants.
¶ 11. The judgment of the trial court is reversed, and this matter is remanded for mandatory arbitration of the claims of Vera, Paul, and Catherine against Holman.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING MANDATORY ARBITRATION IS REVERSED AND THIS CASE IS REMANDED TO THE TRIAL COURT TO COMPEL ARBITRATION OF THE CLAIMS OF VERA DAVIS, PAUL DAVIS AND CATHERINE DAVIS AGAINST HOLMAN DEALERSHIPS, INC., ON DIRECT APPEAL AND CROSS-APPEAL IS DISMISSED AS MOOT. ALL COSTS OF THIS APPEAL ARE EQUALLY ASSESSED TO THE APPELLANT/CROSS-APPELLEE AND APPELLEES/CROSS-APPELLANTS.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.