KATHLEEN ANN KEOUGH, J.:
*830 {¶ 1} This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. The purpose of an accelerated appeal is to allow this court to render a brief and conclusory opinion. State v. Priest , 8th Dist. Cuyahoga No. 100614, 2014-Ohio-1735, 2014 WL 1669161, ¶ 1.
{¶ 2} Plaintiff-appellant Andrew J. Natale ("Natale") appeals from the trial court's judgment granting the motion of defendants-appellees Frantz Ward L.L.P.; Frantz Ward partners Christopher G. Keim and Michael J. Frantz; Barbara J. Arison, the firm's general counsel, and Susan J. Abraham, the firm's chief financial advisor (collectively "defendants") to stay all proceedings and compel arbitration. For the reasons that follow, we affirm.
I. Facts and Procedural Background
{¶ 3} Natale was a founding member and partner of Frantz Ward L.L.P. The firm's partnership agreement governs the relationship among its partners, including the eligibility requirements for an equity partner to retire upon the submission of a transition plan, or to receive disability retirement benefits. The agreement contains a broad arbitration provision that requires the partners to arbitrate "disputes arising under or relating in any fashion to this Agreement."
{¶ 4} In the summer of 2016, Natale began to experience significant health problems. He was later diagnosed with amyotrophic lateral sclerosis, a debilitating and ultimately fatal condition. Natale's subsequent efforts to obtain disability retirement benefits from the firm under the partnership agreement were unsuccessful.
{¶ 5} On May 6, 2017, Natale filed a demand for arbitration with the American Arbitration Association, seeking arbitration and resolution of his entitlement for disability retirement benefits as set forth in Sections 5F and 10 of the partnership agreement.
{¶ 6} Contemporaneously, he filed this action in common pleas court, asserting a single claim for intentional infliction of emotional distress. Paragraph 6 of the complaint states:
The claim asserted herein does not arise under or relate in any fashion to the Frantz Ward Partnership Agreement. Rather, the claim is based upon the intentional, tortious conduct of the parties, the partnership, and persons that are not equity partners including Susan Abraham and Barbara Arison, and is separate and distinct from the rights of Andrew Natale under the partnership agreement. No claim is made herein under the partnership agreement and Plaintiff does not rely upon any provision of the partnership agreement for the purposes of asserting this claim.
{¶ 7} Defendants filed an answer. They also filed a motion to stay all proceedings and compel arbitration, which the trial court granted. This appeal followed.
*831 II. Law and Analysis
{¶ 8} In his first assignment of error, Natale contends that the trial court erred in granting defendants' motion to stay all proceedings and compel arbitration.
{¶ 9} R.C. 2711.01, et seq ., states that an action shall be stayed pending arbitration if the action "is brought upon any issues referable to arbitration under any agreement in writing for arbitration." R.C. 2711.02(B). Ohio courts recognize a presumption favoring arbitration when the parties' dispute falls within the scope of an arbitration agreement. Locum Med. Group, L.L.C. v. VJC Med. , 8th Dist. Cuyahoga No. 102512, 2015-Ohio-3037, 2015 WL 4599441, ¶ 10, citing Taylor Bldg. Corp. of Am. v. Benfield , 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12. Despite this presumption, parties cannot be compelled to arbitrate a dispute they have not agreed to submit to arbitration. Locum at id. , citing Council of Smaller Ents. v. Gates, McDonald & Co. , 80 Ohio St.3d 661, 687 N.E.2d 1352 (1998). Thus, a court has an independent duty to determine if the claims involved are subject to arbitration under the arbitration agreement. Locum at id. Any doubts regarding arbitrability should be resolved in favor of arbitration. Academy of Med. v. Aetna Health, Inc. , 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 14. We review a trial court's decision regarding whether a party has agreed to submit an issue to arbitration under a de novo standard. Brownlee v. Cleveland Clinic Found. , 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, 2012 WL 1795273, ¶ 8.
{¶ 10} In deciding whether a dispute falls within the scope of an arbitration agreement, "courts should 'ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement.' " Park Bldg. Condominium Assoc. v. Howells & Howells Enter., L.L.C. , 2017-Ohio-1561, 90 N.E.3d 131, ¶ 16, quoting Locum at ¶ 14. Under this standard, "even real torts can be covered by arbitration clauses if the allegations underlying the claims touch matters covered by the agreement." Alexander v. Wells Fargo Fin. Ohio 1, Inc. , 122 Ohio St.3d 341, 2009-Ohio-2962, 911 N.E.2d 286, ¶ 24.
{¶ 11} Natale asserts that his intentional infliction of emotional distress claim is not covered by the partnership agreement because the basis of his claim is the defendants' conduct, not any right or entitlement under the partnership agreement. He contends that his lawsuit does not challenge whether he is entitled to benefits under the agreement or whether the defendants' actions were based on a correct interpretation of the partnership agreement. Rather, he asserts, his lawsuit seeks damages for the defendants' egregious conduct toward him-conduct allegedly designed to force him to continue to work at Frantz Ward in order to protect the significant revenue stream from his work-despite the defendants' knowledge that he was peculiarly susceptible to emotional distress in light of his recent diagnosis, as well as the accompanying debilitating physical and emotional symptoms of the disease. Natale contends that the defendants' conduct was "separate and apart" from the partnership agreement.
{¶ 12} Our review of the complaint, however, demonstrates that Natale's claim "touches matters covered by" the partnership agreement. Paragraph 15 asserts that defendants "improperly and maliciously advised [him] that he did not qualify under the firm's retirement plan , despite [his] obvious disability and a specific disability retirement provision in the firm's operating documents." Paragraph 26 alleges that *832 after Natale's counsel informed Frantz Ward of Natale's need to proceed with disability retirement, "Frantz Ward immediately called for an accelerated vote of the partners for the express purpose of changing, and eroding, the firm's retirement benefits ." Paragraph 16 alleges that Natale "continued his efforts to seek assistance from [defendants] in connection with his disability retirement and his transition " but was met with "repeated misinformation, misrepresentations, roadblocks and conduct not consistent with simple human decency." Paragraph 17 alleges that as his disease progressed, Natale sought assistance from defendants "to implement plans for his disability retirement and his transition from the partnership " but defendants "ignored and disregarded his requests and they concealed information and documentation in conscious disregard of his needs." Paragraph 18 alleges that defendant Keim did not "come forward with information about [Natale's] repeated requests for disability retirement or a transition plan " but told Natale he [Keim] was worried he could not pay for his house if Natale did not keep working. Paragraphs 20, 21, 22, 23, 25, and 27 also reference either Natale's request or need for "disability retirement ," or "disability or retirement benefits ." (Emphasis added.)
{¶ 13} The phrases used in the complaint reference Natale's requests for disability retirement benefits as provided by the partnership agreement, his plans to transition out of the partnership under the terms of the agreement, and defendants' actions and responses to those requests. Thus, a court would necessarily have to refer to the partnership agreement to understand the facts underlying his claim. Because on these facts the court could not decide the claim without reference to the agreement, the claim falls within the scope of the agreement's arbitration provision and must be arbitrated.
{¶ 14} Natale's citation to Arnold v. Burger King , 2015-Ohio-4485, 48 N.E.3d 69, is unavailing. In Arnold , the plaintiff asserted causes of action against her employer and supervisor that included claims for sexual assault and harassment after she was raped by her supervisor while at work. The employer and supervisor moved to compel arbitration under a broad arbitration agreement in which the plaintiff had agreed to submit to arbitration any claims arising out of her employment, as well as "claims or controversies relating to events outside the scope of your employment." Despite this broadly worded arbitration clause, this court held that the plaintiff's claims were not arbitrable because they were independent of her relationship with her employer and could be maintained without reference to any employment contract or employment relationship, and because they were not a foreseeable result of her employment. Id. at ¶ 65 and 67. The court also found that the arbitration provision was procedurally and substantively unconscionable. Id. at ¶ 83 and 104.
{¶ 15} Here, there is no allegation the arbitration provision is unconscionable. Further, Natale's claims are directly related to his partnership relationship with the defendants. Although his complaint does not seek a determination of his entitlement to disability benefits under the partnership agreement, it describes a dispute that arises directly from his claim of entitlement to those benefits, as set forth in the partnership agreement. Because on these facts Natale's claim "touches" matters covered by the agreement, it is subject to the arbitration provision contained in the agreement. Accordingly, the trial court properly granted defendants' motion to stay all proceedings and refer the matter to arbitration. The first assignment of error is overruled.
*833 {¶ 16} In his second assignment of error, Natale contends that his claims against Arison and Abraham are not arbitrable because they are not parties to the partnership agreement, and that the trial court therefore erred in staying proceedings against them. This argument is without merit. "When a trial court determines that certain claims are subject to arbitration, it must stay the entire proceeding until those claims have been arbitrated, even though the action may involve both arbitrable and non-arbitrable claims." Maclin v. Greens Nursing & Assisted Living, L.L.C. , 8th Dist. Cuyahoga No. 101085, 2014-Ohio-2538, 2014 WL 2612666, ¶ 9. The second assignment of error is therefore overruled.
{¶ 17} Judgment affirmed.
MARY J. BOYLE, P.J., and PATRICIA ANN BLACKMON, J., CONCUR