[Cite as *Kennedy v. Stadtlander*, 2021-Ohio-1954.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

PATRICK X. KENNEDY,                  :

    Plaintiff-Appellee,          :

                           No. 109880

    v.                           :

GEORGE J. STADTLANDER, ET AL.,       :

    Defendants-Appellants.       :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  June 10, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-932307

---

### *Appearances:*

Morganstern, MacAdams & DeVito Co., L.P.A., and
Christopher M. DeVito, *for appellee.*

Meyers, Roman, Friedberg & Lewis and Peter Turner, *for appellants* George J. Stadtlander and the Stadtlander Family Trust.

Wargo Co., L.P.A., and Thomas M. Wilson, *for appellant* Consoliplex Holding, L.L.C.

LARRY A. JONES, SR., P.J.:

{¶ 1} Defendants-appellants, George Stadtlander, the Stadtlander Family

Trust (the "Trust"), and Consoliplex Holding ("Consoliplex") (collectively referred

to as "Appellants") appeal the trial court's denial of their joint motion to compel arbitration. Finding merit to the appeal, we reverse.

## Background

{¶ 2} Plaintiff-appellee, Patrick Kennedy ("Kennedy"), is a minority shareholder in Consoliplex, a company that manages health plans. Stadtlander is the sole manager of Consoliplex. The Trust is a revocable trust controlled by Stadtlander and his wife, Carolyn Stadtlander, as co-trustees. The company was formed in 2012. In 2014, Kennedy and Stadtlander executed an Operating Agreement ("Agreement"). At the time, Kennedy was the company's project manager; in 2017, he became chief operating officer. In 2019, Stadtlander transferred his interest in Consoliplex to the Trust and the Trust became the majority shareholder. Kennedy, as minority shareholder, owned 30 to 35 percent of the company, an amount that is in dispute.

{¶ 3} In December 2019, Consoliplex terminated Kennedy's employment. Under the terms of the Agreement, Kennedy requested to audit the company's books and records and exercise his option to sell stock, but Appellants refused his requests. Appellants initiated a dispute resolution process and the parties proceeded to mediation. Mediation was unsuccessful; on April 20, 2020, the parties served notices on each other demanding arbitration.

{¶ 4} Kennedy's demand for arbitration stated:

Notice of Demand for Binding Arbitration

* * *

This letter confirms the timely exercise by the minority shareholder Patrick X. Kennedy ("Mr. Kennedy") of his demand for binding arbitration under Section 12.2 of the * * * Agreement * * * .

I am selecting Mr. Michael Ungar as the mutually agreed upon arbitrator, pursuant to Section 12.2(b), because your counsel suggested he serve in this capacity, arranged an initial telephone conference with my attorney on Friday April 3, 2020, and Mr. Ungar agreed he would be available to act as the arbitrator in this dispute between the parties.

The following claims (i.e. including but not limited to breach of fiduciary duty, failing to act in good faith, an accounting, breach of the Operating Agreement, violation of the Ohio Revised Code, unjust enrichment, and conversion of dividends and other assets) were previously mediated, or attempted to be mediated, on March 24, 2020, * * * without any resolution and are now subject to this timely demand for binding arbitration as follows:

Breech [sic] of your fiduciary duty and obligation of good faith to the minority member of the Company, while acting as the sole manager and majority member, by failing to allow access and refusing to provide financial and business records to the minority member as expressly required under the terms of the Operating Agreement.

* * *

April 20, 2020 Demand for Arbitration letter.

{¶ 5} Kennedy also filed two separate lawsuits. On April 1, 2020, in C.P. No. CV-20-931619, Kennedy filed an action for declaratory judgment, breach of contract, breach of the implied duty of good faith, wrongful termination, conversion of stock interests, civil conspiracy, legal malpractice, and tortious interference. In March 2021, the trial court ordered the nonattorney parties to arbitrate the majority of the claims and stayed the rest of the claims pending arbitration; the case is currently on appeal. *See Kennedy v. Stadtlander,* 8th Dist. Cuyahoga No. 110416.

{¶ 6} On May 4, 2020, Kennedy filed the complaint in the instant case, seeking a declaratory judgment that he is entitled to inspect and audit Consoliplex's books and records pursuant to the Agreement, specific performance to provide access to inspect and audit the books and records, a mandatory injunction to provide the same access, "reasonable attorney's fees, litigation expenses, and court costs," statutory damages, and bad faith damages of attorney fees.

{¶ 7} Appellants moved to compel arbitration and stay the case pending arbitration. Kennedy objected, and the trial court held a hearing on the matter. In August 2020, the trial court denied Appellants' motion to compel arbitration. Appellants filed this appeal, raising the following assignments of error, which we consider together:

> I. The trial court erred when it denied Appellants' Joint Motion for Order Compelling Arbitration and Staying Case Pending Arbitration.

> II. The trial court erred when it determined, under the circumstances presented herein, that the Specific Performance provision of the Consoliplex Holding, LLC Operating Agreement effectively nullified the mandatory binding arbitration provision of the Consoliplex Holding, LLC Operating Agreement.

## Arbitration — Standard of Review

{¶ 8} Ohio recognizes a "strong public policy" in favor of arbitration and the enforcement of arbitration provisions. *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15; *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 24; R.C. 2711.01(A). When ruling on a motion to compel arbitration, however, the "proper

focus" is on whether the parties actually agreed to arbitrate the matter at issue, i.e., the language and scope of the arbitration provision, not the general policies of the arbitration statutes. *Taylor v. Ernst & Young, L.L.P.*, 130 Ohio St.3d 411, 2011-Ohio-5262, 958 N.E.2d 1203, ¶ 20.

{¶ 9} A "presumption favoring arbitration" arises when a claim in dispute "falls within the scope of the arbitration provision." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471, 700 N.E.2d 859 (1998); *Taylor Bldg.* at ¶ 27; *Natale v. Frantz Ward, L.L.P.*, 2018-Ohio-1412, 110 N.E.3d 829, ¶ 9 (8th Dist.). Although a party cannot be compelled to arbitrate a dispute the party has not agreed to submit to arbitration, *Council of Smaller Ent. v. Gates, McDonald & Co.*, 80 Ohio St.3d 661, 665, 687 N.E.2d 1352 (1998), "[a]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Natale* at *id.*, citing *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, ¶ 14.

{¶ 10} This court applies an abuse of discretion standard when addressing whether a trial court has properly granted a motion to stay litigation pending arbitration. *Seyfried v. O'Brien*, 2017-Ohio-286, 81 N.E.3d 961, ¶ 18 (8th Dist.), citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543, ¶ 7. This court applies a de novo standard of review, however, when reviewing the scope of an arbitration agreement, that is, whether a party has agreed to submit a certain issue to arbitration. *Seyfried* at *id.*, citing *McCaskey* at *id.* When determining whether a party has agreed to arbitrate, a trial court applies

ordinary principles of contract formation. *Seyfried* at *id.*; *see also Palumbo v. Select Mgt. Holdings, Inc.*, 8th Dist. Cuyahoga No. 82900, 2003-Ohio-6045, ¶ 18 ("The question whether the parties agreed to arbitrate their dispute is * * * a matter of contract. The terms of a contract are a question of fact."). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

**Agreement**

{¶ 11} The Agreement contained the following dispute resolution clause:

Section 12 Dispute Resolution

(a) Any claims or disputes arising out of this Agreement ("Claims"), shall be subject to mediation.

* * *

Section 12.2 Binding Arbitration

(a) Any Claim arising out of or related to this Agreement, within thirty (30) days after submission of the Claim to the Mediator * * * shall be subject to arbitration. Prior to arbitration, the parties shall endeavor to resolve disputes by mediation in accordance with the provisions of Section 12.1.

(b) Claims not resolved by mediation shall be decided by private arbitration * * *.

{¶ 12} The Agreement also contained a Specific Performance clause, which Kennedy argues governs his demand to audit Consoliplex's books and records:

15.11 Governing Law; Consent to Jurisdiction

The laws of the State of Ohio, without regard to its laws of conflicts, will govern the validity of this Agreement, the construction of its

terms, and the interpretation of the rights and duties of the Members. Each Member hereby consents to the jurisdiction of any state or federal court located in the State of Ohio for purposes of the enforcement of this Agreement and waives personal service and all process. Each Member waives any objection to venue of any action instituted under this Agreement.

15.12 Specific Performance

The parties acknowledge that it is impossible to measure, in money, the damages that will accrue to a party or to the personal representative of a decedent from a failure of a party to perform any of the obligations under this Agreement. Therefore, if any party or the personal representative or executor of any party enters into any action or proceeding to enforce the provisions of this Agreement, any Person (including the Company) against whom the action or proceeding is brought waives the claim or defense that the moving party or representative has or will have an adequate remedy at law, and the Person will not urge in the action or proceeding the claim or defense that an adequate remedy at law exists.

**Did the Parties Agree to Arbitrate their Claims?**

{¶ 13} Appellants contend that all claims stemming from the Agreement, including those in Kennedy's complaint, are subject to arbitration. The trial court disagreed:

The arbitration clause in this Agreement does not include equitable remedies or specific performance; however, in two other sections the Agreement does provide for equitable remedies and specific performance, and it requires consent to jurisdiction in a civil court in the State of Ohio, as indicated above. The express and unambiguous terms in the Agreement, read as a whole and together, thus provide for specific performance through a civil action to require performance of obligations in the contract. The Agreement contemplates that it would be "impossible to measure, in money, the damages that will accrue to a party . . . from a failure of a party to perform any of the obligations under this Agreement."

{¶ 14} The threshold question is whether the parties agreed to arbitrate their claims. Based on our de novo review and the specific facts of this case, we

find that Kennedy has so agreed. On April 20, 2020, just prior to the May 4 filing of the complaint in this case, Kennedy sent Appellants a "**Notice of Demand for Binding Arbitration**," requesting "binding arbitration under Section 12.2 of the Consoliplex Holding L.L.C. Operating Agreement." In the demand, Kennedy noted that the parties attempted to mediate certain claims without resolution, and those claims were now subject to his demand for binding arbitration. Kennedy stated his choice for arbitrator, that his attorney had spoken with the arbitrator, and the arbitrator was available for arbitration. Kennedy requested the following be subject to binding arbitration:

> Breech [sic] of your fiduciary duty and obligation of good faith to the minority member of the Company, while acting as the sole manager and majority member, by failing to allow access and refusing to provide financial and business records to the minority member as expressly required under the terms of the Operating Agreement.

{¶ 15} Thus, prior to filing the complaint in this case, Kennedy availed himself of the Agreement's dispute resolution provision, including the arbitration provision. When mediation was unsuccessful, Kennedy sent his demand for binding arbitration. Less than two weeks later, he instituted this lawsuit. Kennedy utilized the Agreement's dispute resolution provision by sending his notice of demand for binding arbitration. By doing so, he "agreed to arbitrate the matter at issue."

**Damages**

{¶ 16} As further evidence that the specific performance provisions of the Agreement govern his claims, Kennedy argues that his complaint did not request damages.

{¶ 17} The complaint states as follows:

**Prayer For Relief**

Plaintiff Patrick X. Kennedy seeks a declaratory judgment, specific performance, mandatory injunction, statutory damages, including but not limited to R.C. 1701.94, and bad faith damages of reasonable attorneys fees against all the Defendants, jointly and severally, to be determined and ordered by the Court as expeditiously as possible.

{¶ 18} Kennedy's complaint sought statutory damages. He also sought bad faith damages of reasonable attorney fees. Ohio follows the "American Rule," which provides that a prevailing party in a civil action may not generally recover its attorney fees as part of the "costs of litigation" unless attorney fees are provided for by statute, the nonprevailing party acts in bad faith, or there is an enforceable contract that "specifically provides for the losing party to pay the prevailing party's attorney fees." *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 7. Because the complaint requests "bad faith damages of reasonable attorney fees against all Defendants," Kennedy's claim for attorney fees is one for compensatory damages.

{¶ 19} Sections 15.11 and 15.12 of the Agreement do not apply to Kennedy's claims for monetary damages; therefore, the trial court improperly denied Appellants' motion to compel arbitration.

{¶ 20} In light of the above, Appellants' assignments of error are sustained.

{¶ 21} Kennedy's claims fall within the scope of the Agreement's arbitration clause. Thus, the trial court erred in denying Appellants' joint motion to stay the case and compel arbitration.

{¶ 22} Judgment reversed; case remanded.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR